**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Lisa J. Rodriguez
8 Kings Highway West
Haddonfield, NJ 08033
856-795-9002

and

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Ira Neil Richards
R. Andrew Santillo
1717 Arch Street, Suite 3838
Philadelphia, PA  19103
215-731-9004

**GREENFIELD & GOODMAN, LLC**
Richard D. Greenfield
7426 Tour Drive
Easton, MD 21601
410-745-4149

**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PEARL E. LUCAS**, individually and derivatively on behalf of **COMMERCE BANCORP, INC.** : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> **VERNON W. HILL, II,** : <br> : <br> Defendant : <br> : <br> -and- : <br> : <br> **COMMERCE BANCORP, INC.,** : <br> : <br> Nominal Defendant. : | CASE NO.: 07-0349 (RBK) |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff Pearl E. Lucas ("Plaintiff") submits this Memorandum in support of her Motion for Leave to File an Amended Complaint. Since a previous stipulation governs the timing for amendments of the derivative counts, Plaintiff is not seeking to amend substantively her derivative claims through this Amended Complaint. Also, on September 24, 2007, this Court entered a further Order staying this action and two later-filed but related cases.

Plaintiff, pursuant to the terms of the Court's prior Orders, seeks leave to amend her Complaint only to add non-derivative individual and Class claims, as well as naming additional defendants for the new non-derivative Counts. The amendments are based on recent events that have occurred since Plaintiff filed her Complaint (and since the Court approved and so Ordered the original Stipulation among the parties), but arise out of the same nucleus of operative facts that serve as the basis for her derivative claims. See Amended Complaint attached hereto as Exhibit A. Plaintiff's counsel have conferred with William Tambussi, Esq., counsel for Nominal Defendant Commerce Bancorp, Inc. ("Commerce" or the "Company"), who has stated that Commerce does not oppose this motion. Thus, subject to the Court's pre-existing Orders in this litigation, Plaintiff should be granted leave to file an Amended Complaint.

### I.     BACKGROUND

Buried in its fourth quarter 2006 earnings statement, which was publicly released on January 16, 2007, Commerce revealed that federal regulators had opened an investigation into the Company's transactions with bank insiders. See Lucas Compl. (Doc. 1) at ¶ 15. Commerce

indicated that the probe was being conducted by the Office of Comptroller of the Currency (the "OCC") in conjunction with the Board of Governors of the Federal Reserve System. Id. Commerce said that regulators had informed it that the scope of the investigation was going to focus on "'transactions with its officers, directors and related parties, including transactions involving bank premises.'" Id. Commerce also announced that it had created a "Special Committee" of purportedly independent members of the Board of Directors to oversee the Company's response to the investigation. Id. at ¶ 17. The focus of this inquiry surrounded insider transactions between Commerce and Defendant Vernon W. Hill, II ("Hill"), members of his family, and related entities.

On January 22, 2007, Plaintiff, a long-term and substantial shareholder of Commerce commenced a stockholder's derivative action brought pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, under New Jersey common law principles, on behalf of Commerce as the nominal defendant. See Lucas Compl. (Doc. 1) at ¶¶ 1-4. The Complaint named Hill as a defendant and sought a recovery for his breaches of fiduciary duty, including the duties of good faith, loyalty owed to Commerce and full disclosure, gross mismanagement, waste of corporate assets and abuse of control. Id. at ¶¶ 1, 34-51.[1]

On May 11, 2007, Plaintiff and Commerce submitted to the Court the Stipulation to Stay the Proceedings (the "Stipulation"). See Doc. 20. Under the terms of the Stipulation, Commerce

---

[1] Since Plaintiff filed her Complaint, two other parties have filed shareholder suits that also concern the related party transactions at issue in this case. See Sheetmetal Workers' National Pension Fund v. Hill et al., Civil Action No. 07-cv-02269-RBK-JS (D.N.J. 2007) and S.L. Lerner v. Hill et al., 07-cv-03295-RBK-JS (D.N.J. 2007). This Court has consolidated all three of these cases for discovery purposes through its Orders of September 10th and September 24th, 2007. See Docs. 24, 26.

agreed to provide Plaintiff's counsel with certain documents as well as the opportunity to meet periodically with the Special Litigation Committee ("SLC") that Commerce formed to review the related party transactions at issue in OCC investigation and the Lucas action. Id. at ¶¶ 3, 4, 6. In addition, the Stipulation stated:

> Within 45 days of the later of the completion of the production of documents pursuant to paragraph 3 of this Stipulation or the production to Plaintiff's counsel of any final report pursuant to paragraph 4 of this Stipulation, Plaintiff may file an amended complaint. Any such amended complaint may name additional defendants and include additional claims. Defendants acknowledge that any such amendments relate back to the date that Plaintiff filed her original complaint.

Id. at ¶ 10. This Court signed and entered an Order approving the Stipulation on May 15, 2007. See Doc. 21. The parties to the Stipulation and Order have been proceeding under the agreed-upon terms.

On June 28, 2007, Commerce announced that it had, in fact, entered into a Consent Order with the OCC, which related to, *inter alia*, corporate governance, related party transactions and policies and procedures for real estate related transactions that were perpetuated by Hill, his family and their respective affiliates. In addition, on June 28, 2007, the Federal Reserve Bank of Philadelphia (the "FRB") and Commerce entered into a Memorandum of Understanding (the "MOU") dealing with the same issues. It is Plaintiff's understanding that there are continuing investigations by federal regulators.

In addition, on June 29, 2007, Commerce announced a restructuring of the Company's management, promoting three officers to a newly created "Office of Chairman." The Company also announced that Hill was immediately departing Commerce's bank subsidiaries as Chairman and CEO and retiring as Chairman, President and CEO of Commerce effective July 31, 2007.

4

Further, Hill is no longer a director of Commerce.

On October 2, 2007, a little over two months after the Company announced the resolution of the investigations of it by the OCC and FRB, as well as Hill's resignation, Commerce announced that it was being acquired by Toronto-Dominion Bank Financial Group ("Toronto-Dominion Bank"), through a subsidiary, in an $8.5 billion transaction. Under the proposed acquisition, which was announced following an all night meeting by Commerce's Board of Directors, stockholders would receive slightly over four-tenths of a share (0.4142) of Toronto-Dominion Bank stock for each Commerce share held plus $10.50 in cash. The anticipated sale price of $42.37 per share is only slightly more than Commerce's 2006 stock price high of approximately $40.00 per share. Plaintiff's proposed Amended Complaint comes shortly after this acquisition was announced, and her amendments seek to add claims against additional defendants who were responsible for approving the terms of the proposed acquisition. While the proposed acquisition by Toronto-Dominion Bank is currently scheduled to be completed in April 2008, the cloud of over Commerce from the federal investigation and Hill's accelerated departure has remained with the Company throughout the negotiations of the transaction. This resulted unnecessarily and unjustifiably in Commerce's directors negotiating from a position of temporary weakness that was well-known throughout the financial community. It is widely anticipated that the Company and the market price of its common stock will stabilize in due course following completion of the various investigations that remain underway and disclosure of all material facts relative to Commerce's financial and operating condition.

## II. ARGUMENT

### A. Leave to Amend Is "Freely Given."

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Here, since Commerce has not filed a responsive pleading, Rule 15(a) applies, subject to the Court's prior Orders in this case. Even after a responsive pleading is served, "leave shall be given freely given" to a party to amend its pleadings "when justice so requires." Id. The decision whether to grant a motion for leave to amend is firmly within the discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Fingermates Inc. v. Nailtiques Cosmetic Corp., 1996 U.S. Dist. LEXIS 20942, *5 (D.N.J. Dec. 16, 1996). "The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." Bair v. City of Atlantic City, 100 F.Supp. 2d 262, 265 (D.N.J. 2000) (Kugler, J.). Here, by the Stipulation so-Ordered by the Court on May 15, 2007, see Doc. 21, the parties anticipated that Plaintiff would file an Amended Complaint as well as add additional defendants and claims.

### B. Plaintiff Should Be Granted Leave to File an Amended Complaint.

The Third Circuit has stated that the touchstone for the denial of a motion to amend a Complaint is prejudice to the non-moving party. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993). Courts have also examined whether the delay in seeking an amendment is undue or motivated by bad faith, resulting in prejudice to the non-moving party. Cureton v. Nat'l

6

Collegiate Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001). Delay alone, however, is insufficient to deny leave to file an amended complaint, the delay must be undue. Id.

Prejudice does not consist merely of inconvenience to the non-moving party. Instead, the non-moving party must demonstrate that the amendment "'unfairly disadvantage[s] or deprive[s] [it] of the opportunity to present facts or evidence which it would have offered had the amendments been timely.'" Fingermates Inc., 1996 U.S. Dist. LEXIS 20942, at *7 (quoting Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981)).

Here, Plaintiff has not unduly delayed in seeking to file an Amended Complaint. As can be seen in Exhibit A, Plaintiff is not seeking to alter her original derivative claims asserted on behalf of Commerce.[2] Rather she is seeking to add a non-derivative individual claim and Class claims relating to Toronto-Dominion Bank's acquisition of Commerce. Since the acquisition was just approved by Commerce's Board of Directors, on October 2, 2007, Plaintiff has acted in a timely manner.

Defendants will not be prejudiced by the proposed amendments. On September 24, 2007, this Court stayed the litigation. See Doc. 26. Also, Commerce and Plaintiff previously entered into a Stipulation concerning, *inter alia*, an exchange of information. See Doc. 21. Further, as noted above, pursuant to the Stipulation, Plaintiffs have the ability to file an Amended Complaint adding other claims and additional defendants. See Docs. 20, 21 at ¶ 10. Plaintiff seeks to file her proposed Amended Complaint subject to the process and procedures already in place.

7

Commerce's counsel has informed Plaintiff's counsel that Commerce does not oppose Plaintiff's motion.

### III. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Leave to File an Amended Complaint should be granted subject to the Court's existing orders within this litigation.

Dated: October 19, 2007              **TRUJILLO RODRIGUEZ & RICHARDS, LLC**

                         By:    s/ Lisa J. Rodriguez
Lisa J. Rodriguez
8 Kings Highway West
Haddonfield, NJ 08033
(856) 795-9002

and

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Ira Neil Richards
R. Andrew Santillo
1717 Arch Street, Suite 3838
Philadelphia, PA 19103
(215) 731-9004

**GREENFIELD & GOODMAN LLC**
Richard D. Greenfield
7426 Tour Drive
Easton, MD 21601
(410) 745-4149

**Attorneys for Plaintiff**

---

[2] Plaintiff has previously verified the derivative allegations and claims contained in her Complaint. In the event that the Court grants Plaintiff's motion, Plaintiff's counsel will file the Amended Complaint with a further verification of the derivative claims.