EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEARL E. LUCAS, individually and derivatively on behalf of COMMERCE BANCORP, INC., <br><br> Plaintiff, <br> v. <br><br> VERNON W. HILL, II, et al., <br><br> Defendants. | Civil Action No.: 07-cv-0349 (RBK) |
| SHEETMETAL WORKERS' NATIONAL PENSION FUND, derivatively on behalf of COMMERCE BANCORP, INC., <br><br> Plaintiff, <br> vs. <br><br> VERNON W. HILL, II, et al., <br><br> Defendants. | Civil Action No.: 07-cv-2269 (RBK) |
| S.L. LERNER, individually and derivatively on behalf of COMMERCE BANCORP, INC., <br><br> Plaintiff, <br> vs. <br><br> VERNON W. HILL, II, et al., <br><br> Defendants. | Civil Action No.: 07-cv-3295 (RBK) |

| | |
|---|---|
| POLICE & FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT and LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMMERCE BANCORP, INC., et al.,<br><br>Defendants. | Civil Action No.: 07-cv-5905 (RBK) |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court (the "Court") on _____, 2008, pursuant to the Court's Order of _____, 2008 (the "Scheduling Order"), upon a Stipulation of Settlement, dated as of January 21, 2008 (the "Stipulation"), of the above-captioned action (the "Action"), which Scheduling Order and Stipulation are incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the aforementioned Scheduling Order and that said notice was adequate and sufficient; the Plaintiffs and Defendants (other than Mr. Vernon W. Hill, II) having appeared by their attorneys of record; the Court having received evidence in support of the proposed settlement; the attorneys for these respective parties having been heard in support of the Settlement of the Action; an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this \_\_\_\_day of _____, 2008, as follows:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2. The Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action and Derivative Claims, Settlement Hearing and Right to Appear (the "Notice"), Summary Notice and website postings have been provided to the Class (as defined therein and in paragraph 4 herein) and Commerce stockholders pursuant to and in the manner directed by the Scheduling Order; proof of the mailing of the Notice, publication of the Summary Notice and website postings have been filed with the Court; and full opportunity to be heard has been offered to all settling parties, the Class, the notified Commerce stockholders, and persons in interest. The form and manner of the Notice, Summary Notice and website postings are hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with the requirements of Federal Rules of Civil Procedure 23 and 23.1 and due process, and it is further determined that all members of the Class and all Commerce stockholders as of _____, 2008 [use date 5 days after Court approves notice] and their successors are bound by this Order and Final Judgment.

3. Based on the record in the Action, each of the provisions of Federal Rule of Civil Procedure Rule 23 has been satisfied and the Action has been properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2). Specifically, this Court finds that (1) the Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Class; (3) the claims of the Plaintiffs are typical of the claims of the Class; and (4) the Plaintiffs and their counsel have fairly and adequately protected the interests of the Class.

4. The Action is hereby certified as a class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1) and (b)(2), on behalf of a class consisting of all record and beneficial holders of common stock of Commerce at any time from October 2, 2007 through the consummation of the Merger, and their respective heirs, executors, administrators, representatives, agents, successors, transferees and assigns (excluding Settling Defendants, Mr. Hill, and/or any person, firm, trust, corporation or other entity who is a family member of Mr. Hill or an affiliate of the Settling Defendants or Mr. Hill as the term "affiliate" is defined in the Securities Exchange Act of 1934 and SEC Rule 12b-2 promulgated thereunder) (the "Class"). Plaintiffs Pearl E. Lucas, Sheetmetal Workers' National Pension Fund, S.L. Lerner, LAMPERS and Detroit P&F are hereby certified as Class Representatives. The law firms of Greenfield & Goodman, LLC and Motley Rice, LLC are hereby certified as Plaintiffs' Co-Lead Counsel (the "Class Counsel"). The law firm of Trujillo Rodriguez & Richards, LLC is hereby certified as Plaintiffs' Liaison Counsel.

5. The Settlement is found to be fair, reasonable and adequate and in the best interests of the Class, and is hereby approved pursuant to Federal Rule of Civil Procedure 23(e).

6. The Settlement is found to be fair, reasonable and adequate and in the best interests of Commerce and its stockholders, and is hereby approved pursuant to Federal Rule of Civil Procedure 23.1(c).

7. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Court Clerk is directed to enter and docket this Order and Final Judgment.

8.  This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and shall not be deemed to create any inference that there is any liability therefore.

9.  The Action is hereby dismissed without prejudice as to Vernon W. Hill, II, and dismissed with prejudice as to all other Defendants named in the Action, and against Plaintiffs and all other members of the Class on the merits, with each party to bear its own costs except as provided herein and in the Stipulation.

10.  Any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever that exist as of the execution of the Stipulation, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Action or in the consolidated action captioned In re Commerce Bancorp, Inc. Shareholders Litigation, Docket No. CAM-L-5101-07, pending in the Superior Court of New Jersey, Camden County (the "State Court Action"), or in any court, tribunal or proceeding, including, but not limited to, any claims arising under federal or state law relating to alleged fraud, breach of any duty, negligence or violations of the federal or state securities laws and that arise under the same operative facts alleged in this Action and the State Court Action by or on behalf of the Plaintiffs in this Action and any and all of the members of the Class, whether individual, class, derivative, representative, legal, equitable or any other type or in any other capacity (collectively, the "Releasing Parties") against all Settling Defendants in this Action, and/or any of their families, parent entities, associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment

bankers, commercial bankers, insurers, engineers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors and assigns (but excluding Mr. Hill) (collectively, the "Released Persons"), except claims to enforce the Settlement (collectively, the "Settled Claims") are hereby completely discharged as to the Released Persons; dismissed with prejudice against the Released Persons; and settled, enjoined, and released as to the Released Persons. Further, any and all claims that the Settling Defendants may have or could have asserted against Plaintiffs and Plaintiffs' counsel arising out of or related to the initiation, prosecution, and/or settlement of the Federal Action and State Action whatsoever that exist as of the execution of the Stipulation are hereby completely released and enjoined as to the Plaintiffs and Plaintiffs' counsel.

11. The parties granting releases under paragraph 10 waive their rights, to the extent permitted by federal law, state law, foreign law or principles of common law, that may have the effect of limiting the releases set forth in that paragraph. This shall include a waiver of any rights pursuant to Section 1542 of the California Civil Code and any similar, comparable or equivalent provision. Section 1542 of the California Civil Code provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR

The Releasing Parties acknowledge that the Releasing Parties may discover facts in addition to or different from those now known or believed to be true with respect to the Settled Claims, but that it is the intention of the Releasing Parties to hereby completely, fully, finally and forever compromise, settle, release, discharge and extinguish any and all Settled Claims with respect to

the Released Persons known or unknown, suspected or unsuspected, which now exist, or heretofore existed, through and including the date of the execution of the Stipulation, and without regard to the subsequent discovery or existence of additional or different facts. The Releasing Parties warrant that the Releasing Parties have read and understand Section 1542 of the California Civil Code and have had the opportunity to consult with and be advised by counsel regarding its meaning and effect. The Releasing Parties hereby voluntarily waive the provisions, rights and benefits of Section 1542 of the California Civil Code and the provisions, rights and benefits of any law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

12. The Releasing Parties are hereby permanently enjoined from asserting, commencing, prosecuting, assisting, instigating or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Settled Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Person with respect to the Settled Claims.

13. Class Counsel are hereby awarded attorneys' fees and expenses (including costs and disbursements) in a total amount of $_____, which sum the Court finds to be fair and reasonable and which shall be paid to Plaintiffs' attorneys in accordance with the terms of the Stipulation.

14. The effectiveness of this Order and Final Judgment and the obligations of Plaintiffs and Defendants (other than Mr. Hill) under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Class Counsel's application for an award of attorneys' fees and expenses.

15. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement. Notwithstanding the foregoing, this Order shall constitute a final judgment under and pursuant to Federal Rule of Civil Procedure 54(b).

_____
Robert B. Kugler
United States District Judge